**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Robin Pfahning, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>Capital One Bank (USA), N.A.,<br><br>                    Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**CASE NO. _____** |

Plaintiff, Robin Pfahning (hereafter also referred to as "Plaintiff"), on behalf of herself and all others similarly situated, sues Defendant, CAPITAL ONE BANK (USA), N.A. (hereafter also referred to as "Capital One"), and alleges:

## INTRODUCTION

1.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and all others similarly situated throughout the United States, for damages and other relief arising from Capital One's routine practice of charging interest on credit card accounts for cash advances even after those cash advances are paid back in full.

2.     Capital One, like other major credit card companies, provides consumers the ability to take cash advances on their credit cards, including from an ATM. Like other major credit card companies, Capital One also charges interest on these transactions from the date the cash advances are taken. But unlike other major credit card companies, Capital One continues to charge interest on cash advances even after the money is paid back in full—something it never informs accountholders it will do.

1

3. Plaintiff and reasonable consumers understand that when taking a cash advance with a credit card, they will be charged interest from the date of the transaction until the date that the cash is paid back to the credit card company.

4. Capital One's credit card contracts affirm these common sense understandings, but Capital One's actual practice does not. Capital One customers who pay back cash advances in full in a given month are often shocked to find that they are still charged interest on subsequent bills for those same cash advances.

5. For example, Plaintiff paid back all outstanding cash advances on her Capital One credit card account when she made a pre-scheduled automatic payment of her full outstanding account balance in May 2018. Yet she was still being charged interest on those same cash advances in August 2018—three months later.

6. Capital One affirmatively misrepresents and omits in its contracts with consumers that they may be forced to pay interest on cash advance amounts even after they are paid back in full. Capital One's contracts and disclosures state, and lead reasonable consumers like Plaintiff to believe, that consumers who pay back cash advances in full will not be charged interest on such cash advances after the money is paid back.

7. Actually, even if a Capital One consumer pays the entire credit card account balance, including the cash advance balance, Capital One continues to charge interest on the cash advances, or some portion of them, into the future. Accordingly, contrary to their reasonable expectations, consumers are charged interest on cash advances that they previously paid back in full.

8. No reasonable consumer would expect this to be so and nowhere is the counterintuitive practice disclosed by Capital One.

9. Plaintiff and members of the class were improperly charged interest on cash advance amounts that were paid back in full, contrary to their reasonable expectations and the express terms of Capital One's contract with consumers.

10. This practice is a breach of contract and the covenant of good faith and fair dealing incorporated into every contract.

11. Plaintiff and other Capital One customers have been injured by Capital One's practices. On behalf of herself and the putative class, Plaintiff seeks damages and restitution for Capital One's breaches of contract. Additionally, Plaintiff seeks an injunction on behalf of the general public to prevent Capital One from continuing to engage in its illegal practices.

## PARTIES

12. Plaintiff, Robin Pfahning, is a citizen and resident of the State of Rhode Island and has had a credit card with Capital One at all times material hereto.

13. Defendant Capital One is a federal bank headquartered in McLean, Virginia. Capital One is the fourth largest credit card issuer in the United States, with approximately $91 billion outstanding credit card loans to consumers.[1]

## JURISDICTION AND VENUE

14. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed class is a citizen of a different state than Capital One.

---

[1] Robert Harrow, *Largest U.S. Credit Card Issuers: 2017 Market Share Report*, Value Penguin (Jun. 27, 2017), https://www.valuepenguin.com/largest-credit-card-issuers.

15. This Court has personal jurisdiction over Capital One because Capital One regularly conducts business in this District and the claims herein arose from business transactions of Capital One in this District.

16. Venue is likewise proper in this district pursuant to 28 U.S.C. § 1391 because Capital One regularly conducts business within this District and because a substantial part of the events giving rise to Plaintiff's claims occurred within this District, where Plaintiff resides.

## FACTUAL ALLEGATIONS

### A. Capital One's Customer Agreement and Monthly Billing Statements Misrepresent and Fail to Disclose that it Charges Interest on Cash Advances that are Paid Back in Full.

17. Capital One's Customer Agreement and monthly billing statements, which are referred to as "Statements" in the Customer Agreement and incorporated by reference therein, state that interest will be charged on credit card cash advances from the date of the transaction until the balance is paid off in full. In this regard, the Customer Agreement states that "[w]e will charge *Interest Charges* and *Fees* to your *Account* as disclosed on your *Statement* and other *Truth-in-Lending Disclosures*. In general, *Interest Charges* begin to accrue from the day a transaction occurs." Exhibit A (Customer Agreement), at 3.

18. Capital One's monthly billing Statements, in turn, state as follows:

**How can I Avoid Paying Interest Charges?** If you pay your statement's New Balance in full by the due date, we will not charge you interest on any new transactions that post to the purchase segment. If you have been paying your account in full with no Interest Charges, but then you do not pay your next New Balance in full, we will charge interest on the portion of the balance that you did not pay. For Cash Advances and Special Transfers, we will start charging Interest on the transaction date. Certain promotional offers may allow you to pay less than the Total New Balance and avoid paying interest charges on new purchases. Please refer to the front of your statement for additional information.
**How is the Interest Charge Applied?** Interest charges accrue from the date of the transaction or the first day of the Billing Cycle. ***Interest Charges may accrue on every unpaid amount until it is paid in full.*** This means you may owe Interest

4

>Charges even if you pay the entire New Balance for one Billing Cycle but did not do so the previous Billing Cycle.  Unpaid Interest Charges are added to the corresponding segment of your account.

Exhibit B at 5, 8, 12, 16 (emphasis added).

19. The Customer Agreements and monthly billing Statements used for all of Capital One's consumer credit card accounts contain substantially similar language.

20. Despite that Capital One's Customer Agreement and monthly billing Statements explicitly state that interest charges will only accrue on unpaid amounts "until [they are] paid in full", Capital One continues to charge interest on cash advances even after those amounts are paid in full.

### B. Plaintiff's Experience

21. Plaintiff opened a credit card account with Capital One many years ago.

22. As described above, Plaintiff's Customer Agreement and monthly billing Statements stated that Capital One would charge interest on cash advances from the date of the transaction and that it would only charge interest on unpaid balances until they were paid in full. *See* Exhibit A at 3; Exhibit B at 5, 8, 12, 16.

23. In or around June 2018, Plaintiff noticed that Capital One charged her interest on cash advances, even though she had paid off her entire Statement balance in the prior month and had made no new cash advance transactions since doing so.  This occurred again in July 2018 and yet again in August 2018.

24. When Plaintiff called Capital One to ask for an explanation as to why she was being charged interest for cash advance amounts that she had previously paid back in full and how Capital One was calculating the cash advance balance upon which the interest was being charged, she did not receive a coherent answer to either question.  When she then asked how

5

much money she would have to pay to stop interest from accruing, she was told that she would have to pay $150.  She paid this amount in addition to her full balance in August 2018.

## CLASS ALLEGATIONS

25.     Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.  The proposed nationwide class (hereafter also referred to as "Class") is defined as:

> All Capital One credit card account holders who were charged interest on cash advance amounts that were previously paid back in full.

26.     Plaintiff brings this action on her own behalf and on behalf of all others similarly situated pursuant to Fed. R. Civ. P. 23.  Excluded from the Class are Capital One, its subsidiaries and affiliates, its officers, directors and member(s) of their immediate families and any entity in which Capital One has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

27.     Plaintiff reserves the right to modify or amend the definitions of the proposed Class, if necessary before this Court determines whether certification is appropriate.

28.     This case is properly brought as a class action under Fed. R. Civ. P. 23(a) and (b)(3), and all requirements therein are met for the reasons set forth in the following paragraphs.

29.     *Numerosity under Fed. R. Civ. P. 23(a)(1)*.  The members of the Class are so numerous that separate joinder of each member is impracticable.  Upon information and belief, and subject to Class discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Capital

One's records. Capital One has the administrative capability through its computer systems and other records to identify all members of the Class and the amount of interest paid by each Class member, and such specific information is not otherwise available to Plaintiff.

30. *Commonality under Fed. R. Civ. P. 23(a)(2)*. There are numerous questions of law and fact common to the Class relating to Capital One's business practices challenged herein, and those common questions predominate over any questions affecting only individual Class members. The common questions include, but are not limited to:

    a) Whether Capital One improperly charged interest on cash advance amounts that were previously paid back in full;

    b) Whether Capital One improperly charged interest on cash advance amounts after they were contractually authorized to do so; and

    c) Whether Plaintiff and other members of the Class have sustained damages as a result of Capital One's assessment and collection of interest charges on cash advance amounts that were previously paid back in full and the proper measure of damages.

31. *Typicality under Fed. R. Civ. P. 23(a)(3)*. Plaintiff's claims are typical of the claims of the other Class members in that they arise out of the same wrongful business practice engaged in by Capital One, as described herein.

32. *Adequacy of Representation under Fed. R. Civ. P. 23(a)(4)*. Plaintiff is an adequate representative of the Class in that she had a Capital One credit card at all relevant times and has suffered damages as a result of Capital One's assessment and collection of improper interest charges. In addition:

    a) Plaintiff is committed to the vigorous prosecution of this action on behalf of herself and all others similarly situated and has retained competent counsel

experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers against financial institutions;

    b)    There is no hostility of interest between Plaintiff and the unnamed Class members;

    c)    Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

    d)    Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

33.    *Predominance under Fed. R. Civ. P. 23(b)(3)*. The questions of law and fact common to the Class as set forth in the "commonality" allegations above predominate over any individual issues.

34.    *Superiority under Fed. R. Civ. P. 23(b)(3).*  A class action is superior to other available methods and highly desirable for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is very small relative to the complexity of the litigation and since the financial resources of Capital One are enormous, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer losses and Capital One's misconduct will proceed without remedy.  In addition, even if Class members themselves could afford such individual litigation, the court system could not.  Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court.  Individualized litigation would also create the potential for inconsistent or contradictory rulings.  By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of

the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

35. All conditions precedent to bringing this action have been satisfied and/or waived.

### **FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

36. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

37. Plaintiff and the other members of the Class formed a contract with Capital One. The terms of that contract include the promises and affirmations of fact made by Capital One in its Customer Agreement and monthly billing Statements as described above.

38. Specifically, Capital One customers were promised that Capital One would only charge interest on cash advances "until [they were] paid in full."

39. Capital One breached the express terms of the account documents by charging interest to Plaintiff and other members of the Class on cash advance amounts that were previously paid in full.

40. No contract provision authorizes Capital One to charge interest on cash advance amounts that are paid in full. Rather, the contract only authorizes Capital One to charge interest on outstanding balances.

41. Therefore, Capital One breached the terms of its account documents by charging Plaintiff and Class members interest on cash advance amounts that were previously paid back in full.

42. Plaintiff and the other members of the Class have performed all, or substantially all, of the obligations imposed on them under the contract.

43. Plaintiff and the other members of the Class have sustained damages as a result of Capital One's breach of the contract.

## SECOND CLAIM FOR RELIEF
### (Breach of the Covenant of Good Faith and Fair Dealing)

44. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

45. Plaintiff and the other members of the Class formed a contract with Capital One. The terms of that contract include the promises and affirmations of fact made by Capital One in the Customer Agreement as described above.

46. Under the law of Virginia, good faith is an element of every contract pertaining to the assessment of interest charges. Whether by common law or statute, all such contracts impose upon each party a duty of good faith and fair dealing. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

47. Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

48. Capital One has breached the covenant of good faith and fair dealing in the contract through its policies and practices as alleged herein.

49. Specifically, Capital One harms consumers by charging interest on cash advance amounts that were previously paid back in full, which no reasonable consumer would anticipate.

50. Capital One abuses its contractual discretion to cause consumers to pay interest on cash advance amounts that were previously paid back in full.

51. Plaintiff and the other members of the Class have performed all, or substantially all, of the obligations imposed on them under the account documents.

52. Plaintiff and the other members of the Class have sustained damages as a result of Capital One's breach of the covenant of good faith and fair dealing.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the other members of the Class demand a jury trial on all claims so triable and judgment against Capital One as follows:

A. An order certifying that this action may be maintained as a class action, that Plaintiff be appointed Class Representative and Plaintiff's counsel be appointed Class Counsel;

B. Declaring that Capital One's policies and practices constitute breach of contract and the covenant of good faith and fair dealing;

C. Ordering Capital One to immediately cease the wrongful conduct set forth above and enjoining Capital One from conducting business via the breaches of contract complained of herein;

D. Restitution of all interest charges paid to Capital One by Plaintiff and the other members of the Class as a result of the wrongs alleged herein in an amount to be determined at trial;

E. Actual damages, statutory and/or punitive damages in an amount to be determined at trial;

F.  Pre-judgment interest at the maximum rate permitted by applicable law;

G.  Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees and costs pursuant to applicable law;

H.  Granting such other injunctive relief, equitable relief or other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Dated: May 6, 2019

Respectfully submitted,

*/s/ Peter N. Wasylyk*
Peter N. Wasylyk
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, RI 02908
Tel: (401) 831-7730
Fax: (401) 861-6064
pnwlaw@aol.com

Patrick J. Sheehan (to be admitted *pro hac vice*)
WHATLEY KALLAS, LLP
60 State Street, 7th Floor
Boston, MA 02109
Tel: (617) 573-5118
Fax: (617) 371-2950
psheehan@whatleykallas.com

Jeffrey Kaliel, Esq. (to be admitted *pro hac vice*)
Sophia Gold, Esq. (to be admitted *pro hac vice*)
KALIEL PLLC
1875 Connecticut Avenue, NW, 10th Floor
Washington, DC 2009
Tel: (202) 350-4783
jkaliel@kalielpllc.com
sgold@kalielpllc.com

        Nicholas A. Migliaccio, Esq. (to be admitted *pro hac vice*)
        Jason S. Rathod, Esq. (to be admitted *pro hac vice*)
        MIGLIACCIO & RATHOD LLP
        412 H Street N.E., Ste. 302
        Washington, DC 20002
        Tel: (202) 470-3520
        nmigliaccio@classlawdc.com
        jrathod@classlawdc.com

*Attorneys for Plaintiff
and the Putative Class*